**Zhi Yao GAO, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF**

*demonstrating "exceptional circumstances."*

8 U.S.C. § 1229a(b)(C)(i).

88

JUSTICE, Alberto R. Gonzales,[1]
Attorney General, Respondents.

No. 04–4666–AG.

United States Court of Appeals,
Second Circuit.

Jan. 25, 2006.

Bruno Joseph Bembi, Hempstead, New York, for Petitioner.

David L. Huber, United States Attorney, Regina S. Edwards, Assistant United States Attorney, Western District of Kentucky, Louisville, Kentucky, for Respondent.

PRESENT: Hon. JOSEPH M. MCLAUGHLIN, Hon. JOSÉ A. CABRANES, and Hon. REENA RAGGI, Circuit Judges.

SUMMARY ORDER

Zhi Yao Gao petitions for review of the BIA's decision affirming an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Where, as here, the BIA affirms the IJ's decision without opinion, this Court reviews only the IJ's decision. *See Twum v. INS*, 411 F.3d 54, 58 (2d. Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determi-

nations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B).

Even if we were to conclude that the IJ's implausibility finding was erroneous, his adverse credibility determination is supported by the record as a whole in that (1) Gao's testimony was internally inconsistent; (2) his testimony was inconsistent with his written application; and (3) his claims were not supported by relevant State Department material. Because the IJ and BIA correctly determined that Gao was not credible and therefore did not meet his burden of proof for asylum, it necessarily follows that denial of withholding of removal was correct. Because Gao did not present any evidence that he would be tortured upon return to China, denial of CAT relief was also proper. As such, the IJ's improper alternative finding that Gao failed to establish a well-founded fear of future persecution because his wife's forcible sterilization greatly diminished the threat of Gao's future sterilization is immaterial.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.